# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLES WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV411-225 |
| | ) | |
| RICHARD M. DARDEN, | ) | |
| WILLIAM G. BELL, III, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Charles Willis brings this 42 U.S.C. § 1983 claim against his former defense counsel, Richard M. Darden and William G. Bell.[1] Doc. 1. He

---

[1] Since he has completed his IFP paperwork, docs. 5 & 6, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to sua sponte dismiss a claim of a plaintiff proceeding *in forma pauperis* for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief) and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 2011 WL 4436591 at * 1 n. 1 (11th Cir. Sep. 26, 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. \_\_\_, 129 S.Ct. 1937, 1951 (2009)

1

alleges that he paid counsel $25,000 to defend him in *United States v. Willis*, CR606-026. Doc. 1 at 5. He is dissatisfied with that representation, *id.* at 5-9 (alleging, *inter alia*, counsel's mishandling of his sentencing, which led to a resentencing, *see United States v. Willis*, 649 F.3d 1248 (11th Cir. 2011)), so he would like his money back plus interest, together with all of the property he forfeited to the government and compensatory damages "for the years I have lost on my resentencing hearing." *Id.* at 10. He also wants counsel "to assist me with an effective motion" for further sentence relief. *Id.*

Willis has not alleged an indispensable prerequisite to suit here -- that counsel acted under color of state law during their representation of him. 42 U.S.C. § 1983 (offering a remedy for the deprivation of a citizen's constitutional rights by actors operating under color of state law). Just as "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a

---

(discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S. Ct. at 1949 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (but *pro se* pleadings are still construed liberally after *Iqbal*).

2

criminal proceeding," *Polk County v. Dobson*, 454 U.S. 312, 325 (1981), the same is true for publicly provided or privately retained defense lawyers. *Nelson v. Stratton*, 469 F.2d 1155, 1155 (5th Cir. 1972) (retained counsel does not act under color of state law); *Stamper v. Bouldin*, 46 F. App'x 840, 841 (6th Cir. 2002) ("[A]n attorney appointed to represent a criminal defendant pursuant to a federal statute is not a federal official for purposes of a *Bivens*² action.") (footnote added); *Reese v. Oliver*, 2011 WL 2940947 at * 3 (S.D. Ala. Jun. 20, 2011). Plaintiff's allegations are based on counsel's actions while they "perform[ed] a lawyer's traditional functions" as described in *Dobson*. Hence, they were not acting under color of state law and cannot be found liable under § 1983 (or *Bivens*).

Finally, to the extent Willis seeks any form of habeas relief, he is reminded that "cannot maintain his civil rights action, whether brought under § 1983 or *Bivens*, where the resolution of the claims could imply the invalidity of his conviction, until he first seeks and obtains relief from his conviction under 28 U.S.C. § 2255." *Stamper*, 46 F. App'x at 841; *cf.*

---

² *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

*Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). Willis cannot use § 1983 to do § 2255's service. He must pursue any ineffective assistance of counsel claim through § 2255. *See Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The fact that he may be barred by the successiveness doctrine does not mean he can misuse § 1983.

Plaintiff's case, which is patently frivolous and thus warrants no "second chance" consideration,[3] should therefore be **DISMISSED WITH PREJUDICE**.

Meanwhile, it is time for Willis to pay the piper. Based on his

---

[3] *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x. 425, 426-427 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).

For that matter, Willis' opportunity to object to this report and recommendation within fourteen days of service, *see* Fed. R. Civ. P. 72(b)(2), affords him an opportunity to resuscitate his case. He may also "submit an amended complaint as of right during that period, if he believes that the legal deficiencies noted herein can be cured by amendment." *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011).

furnished information, doc. 5 ($733.34 average monthly balance for the last six months), the Court has determined that he has had funds in his prison account during the past six months and therefore owes an initial partial filing fee of $146.68. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian (or designee) therefore shall deduct $146.68 from Willis' account and remit to the Clerk of Court (payable to the "Clerk of Court"). The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. This payment-processing directive shall be transferred to any future custodian over Willis.

**SO REPORTED AND RECOMMENDED** this __19th__ day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA